ALEXANDER GRAVES, Respondent, v. J. W. HARRISON, Appellant.

**Kansas City Court of Appeals, June 11, 1900.**

**Appellate Practice:** CONFLICTING TESTIMONY: INSTRUCTIONS NOT EXCEPTED TO: VERDICT. Where the instructions are not excepted to and the evidence is conflicting, the appellate court must abide by the conclusion the jury drew from the whole case and can not weigh the evidence, especially when the verdict is upheld by the trial judge.

Appeal from the Lafayette Circuit Court.—*Hon. Samuel C. Davis*, Judge.

AFFIRMED.

*John S. Blackwell & Son* for appellant.

(1) Respondent relies solely and only on the letter of appellant to Worthington, of date July 10, 1893, as and for a complete and absolute contract of employment for the services alleged to have been performed by him for appellant. There was but one case before the court, and but one case discussed in the court on the fourteenth day of July, 1893, and that was the Worthington final settlement case, in which appellant was not and could not be pecuniarily involved, interested or affected. But no suit or proceeding of any kind has ever been commenced in any court against appellant under or by virtue of said order. (2) The appellant, Harrison, having made his final settlement as collector of revenue with the county court on the first day of March, 1889, and said settlement having been approved, and

said Harrison finally discharged, said court had no jurisdiction to reopen said settlement, or to entertain or commence any suit or proceedings whereby the legality or correctness of said settlement was or might be questioned or made an issue, nor was any such suit ever brought. State ex rel. Scotland Co. v. Ewing, 116 Mo. 129, pp. 136, 137 and 138; State ex rel. v. Shipman, 125 Mo. 436.

*John Welborn* for respondent.

(1) The record discloses the fact that the contest below began principally upon the reasonableness of the fee charged. This is apparent from the original record. But the testimony being overwhelming on that point, and the jury having found it in favor of respondent, the appellant appeals to this court upon other points, which we will now notice. (2) The evidence quoted in the foregoing statement shows beyond a quibble that the county court was claiming by the tabulated statements in the hands of prosecuting attorney, Aull, about $3,000, including penalties against Harrison as one of the "previous collectors," and Harrison was anxious because he had knowledge of this fact and wanted Graves in the case at once and wrote the letter, upon which the evidence shows respondent acted immediately. This constituted a full acceptance of its terms and under the law no notice of its acceptance was required to be given. Allen v. Chouteau, 102 Mo. 323. (3) Since appellant saved no exceptions to the giving or refusing of instructions, nor to any ruling of the court upon the production of evidence, we respectfully submit that the finding of the justice and the verdict of the jury under defendant's own instruction, given by the circuit court were for the right party upon all the facts and circumstances, and that the judgment should be affirmed.

ELLISON, J.—This action is to recover $100, the amount of a fee alleged to be due plaintiff for legal services alleged to have been performed at defendant's instance and request.   The judgment in the trial court was for plaintiff.

There were no exceptions taken to the action of the court on the instructions and we can not, therefore, notice any objection to them.   The only question in the case is whether there is any evidence to support the verdict in finding an employment of plaintiff by defendant and whether the fee charged is reasonable.

It appears that defendant had formerly been the collector for Lafayette county and that Worthington was his successor.   That a question arose as to the correctness of Worthington's settlement with the county court, arising principally on the rate of commission he charged in certain instances.   It developed that the dispute with Worthington brought up the same question as to the settlements of former collectors and they were included in an order of investigation by the county court; and this defendant thereby became interested.   It seems that Worthington either had some conversation or correspondence with defendant in regard to the matter when defendant wrote to Worthington the following letter:

"Higginsville, Mo., July 10, 1893.

"J. G. Worthington,

   Lexington, Mo. '

Dr. Sir:—Get Graves in the case and let him prepare for it at once; if I have a case will want Graves; remember I am in for my share of the expense.   I think it well to have Graves and Alexander; we will go in to win; I will try and come up Monday if possible:   Get Graves to go before the court Wednesday by all means; and have him to represent

Graves v. Harrison.

me if anything comes up but your case will come up'first; have that properly before them—

Yours resp.,

"J. W. Harrison."

Worthington called on plaintiff and showed him this letter, leaving it with him. There was evidence tending to show that plaintiff acted upon it and rendered services in the matter. Defendant contended that what services plaintiff rendered were for Worthington, or, at least were not for him, and there was evidence tending to support his theory. But since the questions between the parties were submitted to the jury on instructions not excepted to, we must abide by the conclusion which the jury drew from the whole case. It is not for us to weigh the evidence, especially since the verdict was upheld by the trial judge. The judgment must therefore be affirmed. *Smith, P. J.*, concurs; *Gill, J.*, absent.